UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2024
```

UNITED STATES OF AMERICA,

            Plaintiff,

-against-

YERANO NAVARRO,

            Defendant.

1:21-cr-225-2 (MKV)

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

MARY KAY VYSKOCIL, United States District Judge:

    The defendant, Yerano Navarro, pleaded guilty to one count of Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A, which carries a mandatory two-year sentence [ECF No. 153]. *See* 18 U.S.C. § 1028A (the defendant "shall . . . be sentenced to a term of imprisonment of 2 years"); *see also* U.S.S.G. § 2B1.6(a) ("If the defendant was convicted of violating 18 U.S.C. § 1028A, the guideline sentence is the term of imprisonment required by statute. Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to that count of conviction."). Thus, at the defendant's sentencing, the Court imposed the statutorily-mandated two-year term of imprisonment, noting that it had "no discretion" as to the defendant's sentence [ECF Nos. 196, 197 ("Tr.") at 11:3, 14:10].

    The defendant thereafter filed a *pro se* motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines [ECF No. 213]. Effective November 1, 2023, in its Amendment 821, the United States Sentencing Commission amended the United States Sentencing Guidelines Manual. As relevant here, Part B amends Guideline § 4C1.1, by providing a 2-level offense level reduction for offenders with zero criminal history points who meet specified eligibility criteria. Pursuant to §1B1.10, the Sentencing Commission made the amendment retroactive.

1

The Court has carefully considered the record in this case and the defendant's motion. While the defendant may (or may not) meet the eligibility criteria set forth in U.S.S.G. § 4C1.1, the Court concludes that the defendant is precluded from receiving a sentence reduction pursuant to Amendment 821. In particular, as the Court stated at the defendant's original sentencing, the Court has no discretion in this case to impose any sentence other than the statutorily-mandated two-year term of imprisonment. *See* Tr. at 11:3, 14:10. Moreover, the Sentencing Guidelines Manual expressly provides that Chapter Four, which contains the relevant Adjustment for Certain Zero-Point Offenders, does not apply to the defendant's conviction. U.S.S.G. § 2B1.6(a).

Accordingly, the defendant's motion for a sentence reduction pursuant to Amendment 821 [ECF No. 213] is DENIED.

**SO ORDERED.**

Dated: **June 6, 2024**
New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**

2